CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 0 7 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL J. KEYSTONE, ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00503 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, DIRECTOR, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Randall J. Keystone, #262692, a.k.a. Keyes, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Keystone asserts that the Virginia Department of Corrections (VDOC) has miscalculated his term of confinement by failing to subtract an extra day for each leap year that he is scheduled to serve. Upon review of the record, the court concludes that the action must be summarily dismissed.[1]

I.

Title 28, Section § 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Also, § 2254(e)(1) requires a federal reviewing court to presume that the state court's determination of a factual issue is correct unless the petitioner offers "clear and convincing evidence" rebutting that determination. This court cannot second guess a determination by the state's highest court on a matter of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In any event, a violation of state law does not provide grounds for federal habeas relief under § 2254.

---

[1] Rule 4 of the Rules Governing § 2254 Cases authorizes a district judge to dismiss a habeas petition summarily upon finding from the face of the petition that petitioner is not entitled to relief.

1

II.

Keystone states that he is currently serving a total of sixteen years of imprisonment for several different convictions in the Circuit Courts of Lynchburg and Augusta County, Virginia. He filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, claiming that the VDOC's calculation of his term of confinement is erroneous, because it does not give him an extra day of credit for each leap year that he has served or will serve. He argued that the VDOC was thus causing him to serve four more days than the sentencing court intended (one day for each of the four leap years included in his sixteen-year term). The Supreme Court of Virginia dismissed Keystone's petition on May 8, 2006, finding that the term of confinement was properly calculated. The Court specifically found that staff members of the VDOC Courts and Legal Services Department do take leap years into account when calculating criminal sentences. In his § 2254 petition, Keystone claims that the VDOC sentence calculation method improperly adds the extra day in each leap year into the period that he must serve instead of subtracting those days from his term.

III.

This court cannot find that Keystone is entitled to habeas relief under § 2254. First, pursuant to § 2254(e)(1), the court must presume correct the Supreme Court of Virginia's implicit factual determination that VDOC officials have properly calculated Keystone's term of confinement. He fails to present any evidence to overcome this presumption of correctness. Second, this court is bound by the Supreme Court of Virginia's implicit legal finding that the sentence calculation method used by the VDOC is appropriate under state law. How to count the extra day in each leap year when calculating a criminal defendant's term of confinement is a matter of state law. See, e.g., Virginia Code Ann. § 1-223 (rule of construction stating that "year" refers to a calendar year). This court cannot second-guess the determination of the state's highest court regarding such a matter of state law. Estelle, supra. Finally, Keystone fails to demonstrate that the Supreme Court of Virginia's adjudication of his claim was unreasonable in any respect under federal law. Thus, he fails to show

that he is entitled to habeas relief under § 2254(d). Even if he could show that the Supreme Court of Virginia improperly interpreted or applied state law, such a violation of state law could not provide ground for federal habeas relief under § 2254.

IV.

In conclusion, it is clear from the face of the petition that Keystone is not entitled to relief under § 2254 on his claim that his term of confinement has been improperly calculated. The court must dismiss his petition accordingly. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of the order accompanying this opinion or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 7th day of September, 2006.

_____
Senior United States District Judge